Parker C. J.
said, in substance, that the Court were satisfied, that for so much of the balance due to the petitioner as was barred by the statute of limitations, at the death of the intestate, there should not be license to sell.* [1] The petitioner could not avoid the presumption of payment, except by showing a renewal of the promise, and he cannot show that, being himself the administrator. If he were allowed to do so, it would be putting it in the power of any creditor to renew a promise by becoming administrator, and thus he would get an advantage over other creditors.[2]
It is contended that the rest of the claim is barred by St. *604 1791, c. 28, and Scott v. Hancock and Ex parte Allen are cited in support of the position. In the first case the Court thought the administratrix ought not to be allowed to disturb titles acquired under the presumption that the debts due from the intestate had been paid. In Ex parte Allen the petitioner himself had incumbered the real estate which he prayed leave to sell; and the case of Thompson v. Broion is much of the same nature. The Court have a discretionary power, and unless extraordinary circumstances render it proper, they will not grant a license after the four years have expired. This case however comes within the exception. When the petition was presented a long time had not elapsed after the expiration of the four years. It may be presumed that the delay was occasioned by the attempt to collect the debt in Charleston ; and the real estate remains in the same situation that it was in at the death of the intestate, there having been no division among heirs and no sale to any person. The Court therefore think the petitioner should have leave to sell so much of the real estate as will be sufficient to pay that part of his claim which is not barred by the general statute of limitations, with interest as allowed by the judge of probate.[1]

 An executor will not be charged with interest, where the settlement of a testator's estate has been delayed a long time without any negligence on his part, and where he has not used or made any profit of the funds in his hands Lamb v. Lamb, 11 Pick. 371.

 Nowell v. Nowell, 8 Greenl. 220.

 In Scott v. Hancock, 13 Masa. R. 164, it is said to be settled, that an administrator is not bound to plead the general statute of limitations in bar to an action on a debt of his intestate. See also Smith's Estate, 1 Ashmead, 352. But in M‘Cullock v. Dawes, 9 Dowl. & Ryl. 40, it is held by Bayley J., that executors are bound to resist a claim barred by the general statute of limitations. “They have,” he says, “no right to waive any legal defence, and if they did and were to pay a debt against the recovery of which there was a legal bar, they would render themselves liable over to those who were interested in the testator’s property.”